### MATHER v. CONVERSE, COUNTY JUDGE.

1. COUNTY SEAT: APRIL ELECTION. An election to determine upon the location of a county seat may be legally held on the first Monday in April, following *Cole* v. *The Board of Supervisors of Jackson County*, 11 Iowa 552.

2. SAME: EVIDENCE. The county court may properly require that evidence offered to contradict that introduced in support of a petition for a submission of a proposition to remove a county seat, to a vote of the people, shall be in writing.

*Appeal from Butler District Court.*

TUESDAY, DECEMBER 3.

THE facts are stated in the opinion of the court.

*Trumbull & Roszell* for the appellant.

*L. L. Ainsworth* for the appellee.

BALDWIN, J.—The proceedings of the defendant, as the county judge of Butler county, in ordering the question of removal of the county seat of said county to be submitted to the vote of the people of the county were duly certified to the District Court upon a writ of *certiorari,* and were there affirmed.

The main objection of appellant to the order of the court is, that an election for the removal of the county seat can not be legally held on the first Monday of April. That the

act of January 22d, 1855, was repealed by the law of March 23rd, 1860. This question has already been determined by this court, in the case of *Cole* v. *The Supervisors of Jackson Connty*, 11 Iowa 552.

It is also claimed that the county court erred in refusing to allow the appellant, at the term of court at which the petition for an order of submission was made, to introduce oral testimony contradicting the affidavits filed by the petitioners, showing the actual number in voters of said county, and that the petitions were signed by half the legal voters of said county. The record fails to show that the court refused to allow the appellant the right at such hearing to introduce evidence contradicting that produced by the petitioners. The court required such evidence, however, to be written. In this ruling we are unable to see wherein any rights of appellant were prejudiced.

The court had the power in its discretion, even granting that any counter evidence could be heard, to require the evidence to be of the same character, or rather to be produced in the same manner by the contestants, as is by law required of the appellants.

Affirmed.